EDWARD B. CHUMASERO, Appellant, v. HORATIO G. GILBERT, Appellee.

THE SAME, Appellant, v. THE SAME, Appellee.

APPEAL FROM LA SALLE COUNTY COURT.

The *lex fori* must govern the rate of interest recoverable on a contract, which does not state the interest to be paid; and if a greater rate of interest is sought, there must be averment and proof to justify it.

Exchange cannot be recovered, where there is not an agreement to pay it.

THESE were actions of assumpsit, commenced in La Salle County Court, by the appellee against the appellant, and tried at the September term, A. D. 1859, before CHAMPLIN, Judge, a jury having been waived by agreement of the parties. Judgments were rendered against the appellant.

The declarations each contained a special count upon notes, which were payable without defalcation, for value received, at the Broadway Bank of New York City. The declaration also contained the common counts. There was not any averment relative to exchange.

The appellant filed a plea of the general issue.

The appellee offered in evidence a copy of the notes, and then offered to prove, and the appellant admitted the fact to be, that at the time the notes became due, exchange on New York City was one and a half per cent.; but said appellant, at the same time, objected to the introduction of said testimony, which objection was overruled by the court.

The court found for the appellee, and assessed his damages at $711.89.

CHUMASERO & ELDREDGE, for Appellant.

B. C. COOK, for Appellee.

WALKER, J. This court held, in the case of *Chumasero* v. *Gilbert, ante*, 293, that the *lex fori* must govern the rate of interest recoverable on a contract, which contains no agreement for a different amount. Or if the contract was entered into in a State where the law has fixed a greater rate than is allowed by our statute, that fact must be averred and proved, to authorize a recovery of such rate. In these cases it was therefore error to allow seven per cent., the rate allowed by the New York statute, as there was no such averment or proof.

The notes contained no agreement to pay exchange on New York, in addition to the principal sum. It is true the money, by the terms of the notes, was payable in the city of New York.

But the agreement was to pay the sum of money named, and that was the extent of the maker's liability, with the legal rate of interest after maturity, if not promptly paid, as a compensation in damages for the delay. No adjudged case has been referred to, and it is believed none can be found, in which it has been held that the plaintiff may, without any agreement, recover exchange between the place where the recovery is had, and that agreed upon for the payment. Nor do we know of any rule which would authorize it. It was therefore error to allow damages for exchange of New York.

The judgments of the court below are reversed, and the causes remanded.

*Judgments reversed.*